UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA HOLLAND,

    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION,

    Defendant.
_____/

Case No. 19-11609
District Judge Victoria A. Roberts
Mag. Stephanie Dawkins Davis

## ORDER FOR PLAINTIFF TO SHOW CAUSE

On May 31, 2019, Rebecca Holland filed a complaint against the National Railroad Passenger Corporation, alleging common carrier liability, premises liability, and negligence. Plaintiff says the Court has diversity jurisdiction. The Court is not satisfied that complete diversity exists.

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). The party asserting diversity jurisdiction has the burden to establish it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Plaintiff says complete diversity exists because she "is a resident of the City of West Bloomfield, County of Oakland, State of Michigan" and "Defendant National Railroad Passenger Corporation d/b/a Amtrak, is a government-owned corporation with its headquarters in the District of Columbia, United States." [ECF No. 1, PageID.1].

1

Because Plaintiff fails to properly allege the citizenship of herself and Defendant, she has not established that complete diversity exists under § 1332.

First, it is well-established that a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Plaintiff fails to identify Defendant's state of incorporation and the state where its principal place of business is located—as is required to properly allege the citizenship of a corporation. *See id.* She must do so.

Finally, to satisfy diversity jurisdiction, Plaintiff must allege the citizenship of each individual party, not their residency. *See Walker v. Iverson*, 509 F.App'x 394, 395-96, n.1 (6th Cir. 2012). To properly allege the citizenship required for diversity jurisdiction, Plaintiff must establish each individual party's domicile. *See Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x. 726, 728 (6th Cir. 2002) ("To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.").

Plaintiff must show cause, in writing, by **June 28, 2019** why this action should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  June 21, 2019

2