UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA HOLLAND,

     Plaintiff,                  Case No. 19-11609
                                   HON. VICTORIA A. ROBERTS

v.

NATIONAL RAILROAD
PASSENGER CORPORATION d/b/a
AMTRAK,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS WITHOUT PREJUDICE [ECF No. 19]

On February 24, 2020, Defendant filed a motion to dismiss [ECF No. 19] pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) arguing that Plaintiff failed to comply with this Court's January 3, 2020 Stipulated Order [ECF No. 15]. The January 3 Stipulated Order required that the Plaintiff "…serve full and complete answers…" to discovery requests.

On June 12, 2020, the Court again ordered Plaintiff to supplement discovery responses. [ECF No. 23]. The Court warned Plaintiff that if she chose not to supplement her responses, the Court may grant Defendant's motion.

Plaintiff submitted three sets of supplemental answers: Plaintiff's Supplemental Answers to Defendant's Interrogatories [ECF No. 19-4]; Plaintiff's Second Supplemental Answers to Defendant's Interrogatories [ECF No. 19-6]; and Plaintiff's Third Supplemental Answers to Defendant's Interrogatories [ECF No. 24-1].

On June 30, 2020, the Defendant filed a Supplemental Brief addressing why Plaintiff's supplemental responses continue to be deficient [ECF No. 24].

The Court reviewed the Defendant's motion. The Court affords Plaintiff a final opportunity to cure the defects.

1. Interrogatory no. 14: This interrogatory asks Plaintiff to "State the name, address and telephone numbers of all persons who have knowledge of any relevant facts relating to this case…"

In each of her responses, Plaintiff lists Lydia Marshall, Cynthia Stephens Hill, and Nicholas Holland and gives addresses but no phone numbers. Plaintiff also lists "…all of my family and friends, co-workers, doctors, nurses, people on the train that saw me fall, Amtrak conductor and employee [sic] that helped me…," as persons with knowledge of relevant facts. Plaintiff additionally states "[p]laintiffs [sic] physicians were identified previously," including Dr. Hoegler, Dr. Malik, and Dr. Robinson. Plaintiff tells

2

Defendant to look to her medical records and authorizations to obtain Dr. Hoegler, Dr. Malik, and Dr. Robinson's phone numbers and addresses.

These responses are insufficient. Neither the Defendant nor the Court is responsible to comb through Plaintiff's answers or piece together her responses to get a full and complete response to the interrogatory.

These answers give several broad categories of people: "all of my family and friends, co-workers, doctors, nurses, people on the train that saw me fall, Amtrak conductor and employee [sic] that helped me…," but not a full and complete response. F. R. Civ. P. 33, the rule discussing written interrogatories, "is intended to enable a party to prepare for trial, to narrow issues and … determine what evidence will be needed at the trial, and to reduce the possibility of surprise at the trial." *See Hickman v. Taylor*, 329 U.S. 495 501, 507, 67 S. Ct. 385, 91 L.Ed. 451 (1947).

This is the last opportunity the Court gives Plaintiff to provide the phone numbers and addresses of Dr. Hoegler, Dr. Malik, Dr. Robinson, and the phone numbers for Lydia Marshall, Cynthia Stephens Hill, and Nicholas Holland.

Additionally, the Court strikes Plaintiff's response: "all of [her] family and friends, co-workers, doctors, nurses, people on the train that saw [her] fall…" The Court has the power to limit witnesses to those listed in discovery

3

responses. Fed. R. Civ. P. 37(b)(2)(A)(ii) empowers the Court to prohibit disobedient parties from introducing designated matters into evidence.

If Plaintiff fails to supplement her answer to interrogatory no. 14, she will be barred from calling anyone listed as a witness at trial.

2. <u>Interrogatory no. 15</u>: This interrogatory asks Plaintiff to:

> State the name, address and professional status of any and all persons whose services you will utilize for the purpose of introducing expert testimony at trial. With respect to each proposed expert witness, provide…: the subject matter on which he/she is expected to testify; the substance of facts and opinions to which he/she is expected to testify; and a summary of grounds of each opinion.

This interrogatory also asks Plaintiff to "annex true copies of all written reports rendered to [her] by any such proposed expert witness" and the proposed expert's "curricula vitae, fee schedule and testimony list."

Plaintiff's supplemental responses to this interrogatory are insufficient. Plaintiff narrows her trial experts to three of her medical providers: Dr. Hoegler; Dr. Malik; and Dr. Robinson. Plaintiff provides the subject matter and substance of facts and opinions which each expert is expected to testify to, and the summary of grounds for each opinion. But Plaintiff states that she "has not consulted with these individuals, nor retained them in any capacity." Plaintiff states that she: "reserves the right to call any of her providers as

experts…" Plaintiff does not identify any other potential experts in her answer to interrogatory no. 15.

Although Plaintiff attempts to reserve the right to call any of her medical providers as experts, the Court bars Plaintiff from calling any medical providers not listed in interrogatory no. 15 as trial expert witnesses. According to Fed. R. Civ. P. 37(c)(1), if a party fails to identify a witness as required, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially harmless or justified." *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920 (6th Cir. 1999)).

The Court allows Plaintiff more time to provide the information about the three named doctors that Defendant seeks in interrogatory no. 15, including: addresses; true copies of all written reports rendered to her by the named proposed experts; the proposed expert's curricula vitae; fee schedule; and testimony list.

3. <u>Interrogatory no. 16:</u> This interrogatory asks Plaintiff to provide "any photographs … taken of the equipment involved in the incident, incident

location, plaintiff's alleged injuries and/or anything else relevant to the plaintiff's claim." Defendant also asks Plaintiff to:

> …give the date that each of said photos…were taken, the name, address and telephone number of the person who took said photographs…the name, address and telephone number of all individuals present when said photographs were taken, and a specific description of what was shown in each of said photographs…

In her Third Supplement, Plaintiff states that she provided Defendant with "photographs and instructions on how to recover the information requested…" Plaintiff provides the information listed from each JPEG file including: date and time taken; the photographer; and a brief description of what each image shows.

Plaintiff's supplemental response to interrogatory no. 16 is sufficient.

4.  <u>Interrogatory no. 20</u>: This interrogatory asks Plaintiff to state whether she claims as a result of the incident that "she suffered injuries or disabilities which caused [her] to be confined to [her] home and/or limit or cease [her] participation in any normal activities, hobbies or other forms of recreation." The interrogatory also asks Plaintiff to:

> set forth how long [she] was confined to [her] home and … whether [her] participation has been limited or totally prevented, the injury which adversely affects [her] participation, if participation has been limited, the degree of limitation, and with what frequency during the two years

prior to the incident [she] engaged in the activity, hobby or form of recreation.

Plaintiff's answer and supplemental answers state that she was "confined to [her] home from January 2, 2019 through April 2, 2019." Plaintiff's "normal activities" were affected, including "community service activities, Zumba, wearing shoes [she] previously purchased, outside work, exercise, walking distances including benefit walks, driving, dancing." Plaintiff states that she "did all of these on a regular basis prior to the incident."

Plaintiff does not state how long she was limited or prohibited from driving, the degree of her driving limitation, nor with what frequency she drove in the two years prior to the incident.

In her third supplemental response, Plaintiff gives more detail about Zumba, dancing, shoes, and benefit walking. She states:

> I did Zumba roughly 3 times per week before the accident, and sometimes 4. Since the accident I was completely unable to perform it until roughly September or August 2019 but have not been able to go back at the same intensity. I have also not been able to return very often, only roughly 1 or 2 times per month. I did ballroom dancing prior to the accident around 2 or 3 times per month. After the accident I was initially unable to return. I have not really been able to return to ballroom dancing as I do not have the same pivot and turn. I cannot move well in the high heel ballroom dancing shoes. I have not been able to do any benefit walks since the accident and my community service

7

> activities have been much less since the accident – I did a
> very short 3 to 4 block Black Lives Matter walk in the last
> few weeks.

She still does not give a frequency for outside work or community service. Plaintiff also fails to describe the duration of any limitations for these activities.

Plaintiff must supplement her answer and give the precise detail requested in this interrogatory for the activities she lists in the two years prior to the incident. Plaintiff must also explain how long she was prohibited or limited from performing each activity.

The Court will limit Plaintiff's testimony to the activities that she lists in her answer, with the detail Defendant requests.

5. <u>Interrogatory no. 22</u>: This interrogatory asks Plaintiff if she "currently, or … in the past, maintained a Facebook, Twitter, Tumbler, Google+, Myspace, Instagram, YouTube, and/or other online social media account, blog, and/or address." Defendant also asks Plaintiff to provide "all dates she maintained such accounts and/or addresses; the addresses of same; the account numbers for same; and the passwords for same."

In her third supplemental response, Plaintiff provides her Facebook login information.

Plaintiff's response to Interrogatory no. 22 is sufficient.

6. <u>Interrogatory no. 25</u>: This interrogatory asks Plaintiff to "produce a certified printout of all content from any and all Facebook … accounts … maintained by plaintiff at any time through the present."

In her second supplement, instead of providing a certified printout of all Facebook content, Plaintiff provides the login information to her Facebook account. In Plaintiff's response to interrogatory no. 22, Plaintiff responds that she has a Facebook account and does not refer to any other social media accounts, blogs, and/or addresses.

Plaintiff's response to Interrogatory no. 25 is sufficient.

**CONCLUSION**

Plaintiff must supplement answers to interrogatories as follows:

1. Interrogatory no. 14. Provide phone numbers and addresses for Dr. Hoegler, Dr. Malik, and Dr. Robinson, and the phone numbers for Lydia Marshall, Cynthia Stephens Hill, and Nicholas Holland.

2. Interrogatory no. 15. Provide: each proposed expert's address; true copies of all written reports rendered to Plaintiff by the named proposed experts; the proposed expert's curricula vitae; fee schedule; and testimony list.

3.  Interrogatory no. 20. Provide detail as defendant requests, for activities listed, in the two years prior to the incident and how long she was prohibited or limited from participating in each activity.

Plaintiff must serve full responses to Defendant's interrogatory nos. 14, 15, and 20 within fourteen (14) days of this Order.

If Plaintiff fails to comply in any way with this order, the Court will entertain Defendant's renewed motion to dismiss. This is a sanction, but a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit. *Bank One of Cleveland, N.A. v.* Abbe, 916 F.2d 1067, 1073 (6th Cir 1990). Dismissal of a matter under Rule 37(b)(2)(A) is a severe sanction that should only be imposed as a last resort. But if Defendant must refile this motion because Plaintiff fails to comply with this order, the Court will consider the severest sanction.

**IT IS ORDERED.**

S/ Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Dated: September 14, 2020

10